UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Avigail Rosenbaum,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　-v.-<br>ARstrat, LLC;<br>and John Does 1-25.<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 1:20-cv-05162<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Avigail Rosenbaum (hereinafter, "Plaintiff") brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant ARstrat, LLC ("ARstrat"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　The Fair Debt Collection Practices Act ("FDCPA') was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* the Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.　The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection

1

practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Queens, residing at 1312 Seagirt Blvd, Far Rockaway, NY 11691.

8. Defendant ARstrat is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a (6) and used in the FDCPA with an address at 14141 Southwest Freeway, Suite 300, Sugar Land, TX 77478.

9. Upon information and belief, Defendant ARstrat is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats the above allegations as if set forth here.

12. Some time prior to April 9, 2020, an obligation was allegedly incurred by Plaintiff to Northwell Health ("Northwell").

13. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically personal medical services for childbirth.

14. The alleged Northwell obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

15. Northwell is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

16. Upon information and belief, Northwell contracted with Defendant ARstrat to collect the alleged debt.

17. Defendant ARstrat collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*April 9, 2020 Collection Letter*

18. On or about April 9, 2020, Defendant ARstrat sent the Plaintiff an initial collection letter regarding the alleged debt owed to Northwell ("April Letter"). A copy is attached as **Exhibit A**.

19. The April Letter states that the amount due is $2,910.00.

20. The April Letter also ostensibly contains the notices required by 15 U.S.C. § 1692g.

21. In addition, although the April Letter describes some of the activities prohibited by the Fair Debt Collection Practices Act, it incorrectly and misleadingly cites to 15 U.S.C. § 169**1** et seq. ("in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq.")

22. However, Section 169**1** contains the Equal Credit Opportunity Act, not the Fair Debt Collection Practices Act, which can be found at § 169**2** et seq.

23. The consumer is left confused about which laws govern the acts described in the April Letter and is deceived as to whether the laws, or the debt, are real.

24. On or about April 27, 2020 Plaintiff sent a letter disputing the debt and demanding verification thereof.

25. The letter was sent to ARstrat by the law firm representing Plaintiff at that time. The letter also notified ARstrat that Plaintiff was now represented and that it should cease contacting her directly.

*Violation - May 26, 2020 Collection Letter*

26. On or about May 26, 2020, Defendant ARstrat again sent the Plaintiff a collection letter regarding the alleged debt ("May Letter").  A copy is attached as **Exhibit B**.

27. Despite the April 27 letter from counsel directing Defendant to cease contact, the May Letter was sent directly to Plaintiff instead of her counsel.

28. Defendant also failed to send verification of the debt prior to resuming collection efforts.

29. The May Letter states that the balance due is $3,638.33.

30. It also provides a balance due on Plaintiff's child's (Yeshaya) account, listed separately but included in the total amount alleged as due.

31. Although this was the initial collections letter regarding the child's alleged debt, Defendant failed to include the notices required by 15 U.S.C. § 1692g.

32. The April and May Letters fail to clearly state the amount of the debt because they each state a different amount owed.

*Violation – July 14, 2020 Collection Letter*

33. On or about July 14, 2020, Defendant ARstrat again sent the Plaintiff a collection letter regarding the alleged debt ("July Letter"). A copy is attached as **Exhibit C**.

34. The July Letter was again sent directly to Plaintiff instead of her counsel, despite Defendant being on notice not to contact Plaintiff directly.

35. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

36. Plaintiff repeats the above allegations as if set forth here.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §1692e (10) by providing conflicting or inaccurate amounts for the alleged debt;

   b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

41. Plaintiff repeats the above allegations as if set forth here.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

43. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

44. Defendant violated this section by:

   a. unfairly changing the demanded amount;

   b. contacting a represented party;

   c. contacting a party after being directed to cease communications.

45. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

46. Plaintiff repeats the above allegations as if set forth here.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

48. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
> 2. the name of the creditor to whom the debt is owed;
> 3. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> 4. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> 5. a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

49. Defendant violated 15 U.S.C. §1692g (a)(1) by failing to include the required notices in an initial collection letter.

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

51. Plaintiff repeats the above allegations as if set forth here.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692c.

53. Pursuant to 15 U.S.C. §1692c:

   a. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt —

      1. …;

      2. if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; …

   b. …

   c. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate

further with the consumer with respect to such debt, except [listing exceptions not applicable here] …

54. Defendant violated this section by:

   a. Contacting the consumer multiple times in violation of § 1692c (a):

      1. despite being on notice that the consumer was represented by an attorney with respect to the debt; and

      2. Defendant had knowledge of the attorney's name and address; and

      3. the attorney did not fail to respond within a reasonable amount of time to a communication(s) from Defendant; and

      4. the attorney did not consent to Defendant communicating with the consumer;

   b. communicating with the consumer multiple times after being notified in writing to cease communication, in violation of § 1692c (c).

55. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

56. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Avigail Rosenbaum demands judgment from Defendant ARstrat as follows:

   a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)     For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)     For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)     For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e)     For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: October 27, 2020                 Respectfully submitted,

**Stein Saks PLLC**

/s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501

*Attorneys for Plaintiff*